UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 06-132

HARRY JAMES WHITE, JR.                                                              PETITIONER

VS:                         **MEMORANDUM OPINION AND ORDER**

BRIAN J. PATTON, ET AL.                                                             RESPONDENTS

Harry James White, Jr., a prisoner incarcerated at the Federal Prison Camp in Ashland, Kentucky, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 or, in the alternative, Motion to Vacate Conviction under 28 U.S.C. §2255 [Record No. 1], and has paid the $5.00 filing fee. This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

**BACKGROUND**

Pursuant to a written plea agreement, White pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine and marijuana, in violation of 28 U.S.C. §846, and

was sentenced on August 9, 2002, to a term of incarceration of 168 months to be followed by a term of supervised release of 5 years. White filed neither a direct appeal nor a motion to vacate his sentence pursuant to 28 U.S.C. §2255. *United States v. White*, 01-CR-284-PJM, District of Maryland [Record No. 147 therein].

In his present petition, White asserts that his counsel in his criminal proceedings was constitutionally ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), for failing to fully inform him of the consequences of pleading guilty and for failing to object to the use of the cocaine conviction to set his maximum penalty instead of the marijuana conviction. In support of his assertion that the latter conduct violated his constitutional rights, White cites *United States v. Rhynes*, 196 F.3d 207, 237 (4th Cir. 1999) (imposition of sentence that exceeded statutory maximum for drug carrying lowest penalty was improper where jury verdict did not indicate drug upon which the conspiracy conviction was based), and *United States v. Dale*, 178 F.3d 429, 432 (6th Cir. 1999).

## DISCUSSION

As an alternative to habeas corpus relief under Section 2241, White asks the Court to treat his motion as one seeking post-conviction relief under Section 2255. The sixth unnumbered paragraph of Section 2255 requires any motion thereunder to be filed within one year after the conviction challenged becomes final. White was sentenced on August 9, 2002, and filed no direct appeal, and hence his conviction became final four years ago, well past the one-year period for filing a Section 2255 motion. White's request for relief under Section 2255 is time-barred. *Cf. Godoski v. United States*, 304 F.3d 761, 762 (7th Cir. 2002) ("Ignorance of the law does not does not justify an extension of the one-year period to commence a collateral attack.").

Nor is a habeas corpus petition pursuant to Section 2241 an appropriate avenue for relief under the circumstances of this case. Typically, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction or sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). As White challenges the legality of his sentencing, he ordinarily must raise this claim through a post-conviction motion under 28 U.S.C. §2255. Addressing this issue, White asserts that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention, thus invoking this Court's habeas corpus jurisdiction under Section 2241 pursuant to the "savings clause" of Section 2255. 28 U.S.C. §2255, ¶5. Because it is evident from the Court's review of the record in White's prior legal proceedings that White has not presented his claims in a prior post-conviction motion under Section 2255, the Court must determine whether his remedy under Section 2255 is "inadequate or ineffective" before he is entitled to its consideration of his claims on the merits.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that Section 2241 is not a "catch all" remedy, but is available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756. The court made clear that habeas corpus relief is unavailable to a federal prisoner if he fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law. *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002); *see also Myles v. United States*, 268 F.Supp.2d 1329, 1333 (M.D.Fla. 2003) (fact that prisoner failed to file Section 2255 motion to vacate before one-year limitations period had

3

expired did not render Section 2255 post-conviction relief "inadequate or ineffective" within meaning of savings clause so as to permit movant to file Section 2241 habeas petition).

In *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003) (*Martin I*), the Sixth Circuit further clarified by holding that the "savings clause" may only be invoked by a petitioner where he presents a viable claim of "actual innocence" based upon a subsequent Supreme Court decision interpreting the criminal statute under which he has been convicted in a materially different manner than that prevailing at the time of his conviction. *Id*. at 804; *see also Lott v. Davis*, 105 Fed.Appx. 13 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

White's claims, that he was denied effective assistance of counsel in violation of his rights under the Fifth and Sixth Amendment to the Constitution of the United States, are not claims of "actual innocence" because White's assertions, even if true, do not assert that the trial court convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin I*, 319 F.3d at 805; *Charles* at 180 F.3d at 757; *Truss v. Davis*, 115 Fed.Appx. 772, 775 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found §2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence."). Because the claims in White's habeas corpus petition challenge matters that could and should have been raised on direct appeal, they do not present a facially-valid claim that he is actually innocent of the offense charged. Accordingly, the savings clause of Section 2255

4

does not permit him to pursue this claim in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Petitioner White's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondents.

This September 18, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge

5